**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Higinio Mora<br>　　　　　Debtor<br><br>Higinio Mora<br>　　　　　Petitioner<br><br>　　vs.<br><br>BankUnited, N.A.<br>　　　　　Respondent | BK NO. 24-10917 PMM<br><br>Chapter 13<br><br>Hearing Date:  06/12/2025 |

## OBJECTION OF BANKUNITED, N.A.
## TO DEBTOR'S PETITION FOR LEAVE TO FILE BANKRUPTCY

BankUnited, N.A. (hereinafter Secured Creditor), objects to the Debtor's Petition for Leave to File Bankruptcy and asserts in support of its Objection as follows:

1. The Debtor filed a Chapter 13 Voluntary Petition on March 19, 2024.

2. Scott F. Waterman was appointed as the Chapter 13 Trustee on the following date.

3. The Secured Creditor owns a mortgage on the property located at 2319 South Lumber Street, Allentown, PA 18103 (hereinafter the "Property").

4. The Debtor filed a Chapter 13 Plan on April 10, 2024 that proposed to pay the $73,154.88 in pre-petition arrears owed to the Secured Creditor via a potential Loan Modification.

5. Secured Creditor filed an Objection to Confirmation of the Chapter 13 Plan on April 25, 2024.

6. While confirmation as pending, the Chapter 13 Trustee filed a Motion to Dismiss the Case with Prejudice for Feasibility and Bad Faith on June 13, 2024.

7. Additionally, Secured Creditor filed a Motion for Relief From Stay on July 8, 2024 and was granted relief from the stay on July 29, 2024.

8. The Debtor subsequently filed a Motion to Vacate the Relief Order August 9, 2024 despite the Debtor not having made a single post-petition payment.

9. Secured Creditor and the Debtor resolved the Motion to Vacate the Relief Order with a Stipulation providing that the post-petition payments for April 2024 through August 2024 totaling $5,996.90 would be paid through an Amended Chapter 13 Plan.

10. This Honorable Court entered an Order approving the Stipulation on September 25, 2024.

11. The Debtor failed to file an Amended Plan, failed to make any subsequent post-petition payments, and failed to file an amended Schedules or documents that would indicate the Debtor could feasibly pay any of the claims in this case.

12. On December 19, 2024, this Honorable Court entered an Order dismissing the case at the Chapter 13 Trustee's Motion and barring the Debtor from filing bankruptcy, either individually or jointly with a spouse under any section of the code, without prior leave of Court for a period of one year.

13. The Debtor filed a Motion to Reconsider the Dismissal Order on January 2, 2025, and after a hearing the Motion was denied on March 13, 2025.

14. While the above was occurring, the Debtor had submitted a loss mitigation application directly to Secured Creditor.

15. On November 6, 2024, the Secured Creditor sent a denial letter to the Debtor explaining that the account was not eligible for a Loan Modification because it is non-owner occupied. A true and correct copy of the denial letter dated November 6, 2024 is attached hereto as **Exhibit A**.

16. A copy of the denial letter was sent to counsel for the Debtor via email on November 8, 2024. A true and correct copy of the email sent November 8, 2024 is attached hereto as **Exhibit B**.

17. As stated in the Debtor's Petition, the Debtor has "requested" to be reviewed for a Loan Modification several times since the formal denial letter, but each request has been duplicative because the Property is still non-owner occupied and thus the Debtor is still ineligible for a Loan Modification.

18. The Secured Creditor is under no duty to review duplicative Loan Modification applications under 12 C.F.R. § 1024.41.

19. **<u>The Debtor's Petition clearly states that the Property is still non-owner occupied</u>**.

20. Furthermore, paragraph 21 of the Debtor's Petition inexplicably states that Secured Creditor's claim is in "substantial dispute."

21. Secured Creditor filed its Proof of Claim on April 24, 2024 and despite the case being open for approximately eight (8) months after Debtor received the Proof of Claim, there was no objection to the claim nor was there an Adversary Complaint filed.

22. Because the Debtor had a full and fair opportunity to object to the claim while the

bankruptcy was still open, it is disingenuous at best for the Debtor to now claim there is a dispute.

23. This Petition is clearly another delay tactic on the part of the Debtor to hinder the Secured Creditor's ability to proceed with its rights in State Court.

WHEREFORE, the Secured Creditor, BankUnited, N.A., prays that the Court deny the Petition for Leave to File Bankruptcy.

Respectfully submitted,

Date: June 11, 2025

By: /s/ Matthew Fissel
Matthew Fissel, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Respondent
bkgroup@kmllawgroup.com